In the Matter of JOSEPH HART, Respondent, against FRANCES PERKINS, as Industrial Commissioner and Custodian of State Insurance Fund, Appellant.

(Argued November 17, 1931; decided January 5, 1932.)

*John J. Bennett, Jr.,* Attorney-General (*Irving H. Lessen* of counsel), for appellant. Payment of the award was made in accordance with provisions of section 25 of the Workmen's Compensation Law. (Workmen's Comp. Law, §§ 20, 23; *Adams* v. *Atlantic Construction Co.,* 198 App. Div. 430.) Mandamus will not lie to compel a State official to perform an act which involves the exercise of his discretion. (*Millard* v. *Chaplin,* 104 N. Y. 96; *Empire City Trotting Club* v. *State Racing Comm.,* 190 N. Y. 31; *Cecil* v. *Bellevue Hospital Medical College,* 60 Hun, 107; 128 N. Y. 621; *Schaw* v. *McWilliams,* 195 N. Y. 92; *Rapid Transit Const. Co.* v. *Craven,* 210 N. Y. 443; *Harris* v. *Commissioner of Land Office,* 149 N. Y. 26; *Peizotto* v. *Board of Education,* 212 N. Y. 463; *Matter of Dill,* 185 N. Y. 106; *Dietz* v. *Easton,* 13 Abb. Pr. [N. S.] 159; *Kennedy* v. *Brady,* 166 N. Y. 44; *Burr* v. *Voorhis,* 229 N. Y. 382; *Matter of Larkin Co.* v. *Schwab,* 242 N. Y. 330; *Matter of County of Ulster* v. *State Dept. of Public Works,* 211 App. Div. 626; 240 N. Y. 647; *Lewis* v. *Commissioner of Education,* 219 App. Div. 233; *Matter of Picone* v. *Commissioner of Licenses,* 241 N. Y. 157.)

*Don Carlos Buell* for respondent. There was no other adequate remedy for petitioner. (*Brennan* v. *Board of Education,* 245 N. Y. 8; *People ex rel. Pennell* v. *Treanor,* 15 App. Div. 508.)

CRANE, J. Joseph Hart, the claimant, sustained an injury on or about November 15, 1925, while employed

by the Shepard Construction Company, which had secured compensation to its employees in the State Insurance Fund. Numerous hearings were had upon Hart's claim and compensation and medical payments made on account up to March 8, 1930, when a special hearing was held at Syracuse and there decided between the parties in interest to settle all claims for the sum of $3,390, which included the sum of $500 to be paid to his attorney. The decision was filed in the office of the Department or the Bureau of the Workmen's Compensation on March 10, 1930, and received by the State Insurance Fund on March 11, 1930. Within ten days after the filing of the decision, and on March 19, 1930, a check for the full amount was mailed to the claimant. Measuring the ten days within which awards must be paid, pursuant to section 25 of the Workmen's Compensation Law (Cons. Laws, ch. 67), from the last day of the hearings, March 8, instead of the day when the decision was filed and notice given, the claimant has sought in this mandamus proceeding to compel the Industrial Commissioner to pay him the penalty imposed by the statute of twenty per cent of the unpaid compensation. He is not entitled to it.

The State Insurance Fund, created pursuant to article V of the Workmen's Compensation Law, in this instance was the insurance carrier and liable for the award to be made. The fund, according to section 90, shall be administered by the Industrial Commissioner. The State Treasurer is the custodian of the State Insurance Fund, all disbursements being made by him upon vouchers signed by the Commissioner or Deputy Commissioner. The Industrial Commissioner is appointed pursuant to section 10 of the Labor Law (Cons. Laws, ch. 31), while the Industrial Board is provided for by section 12. It is the Commissioner and not the Industrial Board which administers the fund. The award in this case was made by the Industrial Board. The Commissioner could not and would

not issue his voucher upon the State Treasurer until he had official notice of the award, the amount thereof and to whom payable. We look to other provisions of the Workmen's Compensation Law for the methods by which the awards are made payable. Section 25, among other things, provides as follows: "If the employer or his insurance carrier shall fail to make payments of compensation according to the terms of the award within ten days thereafter, except in case of an appeal, there shall be imposed a penalty equal to twenty per centum of the unpaid compensation which shall accrue to the benefit of the injured workman or his dependents and shall be paid to him or them." "According to the terms of the award within ten days thereafter," means an award made and completed in accordance with law. Section 20 provides for the making of the award and the appropriate filing thereof. Within thirty days after the hearing on the claim is closed the Board shall make or deny an award determining such claim for compensation and file the same in the office of the department. Immediately after such filing, the Commissioner shall send to the parties a copy of the decision. Appeals are provided for in section 23. And here again we find time running from the filing of the award and notice. "Within thirty days after notice of the filing of the award or the decision of the board has been sent to the parties an appeal may be taken to the appellate division of the supreme court, third department, from such award or decision by any party in interest including an employer insured in the state fund." Both section 20 and section 23 refer to the award as having been made for the purpose of reckoning time when it is filed in the office of the department and a copy of the decision has been sent to the parties, including an employer insured in the State Fund. Surely the Industrial Commissioner would not have been justified in issuing his voucher upon the State Treasurer until the award in this case had been filed in the department and notice given to the parties. The time

within which to appeal runs from the day of this filing with notice and the time of payment does not precede it. The award was filed in the office of the department on March 10, 1930, and notice given to the insurance carrier on March 11, 1930. Payment made thereafter on the 19th of March, 1930, was made within the ten days required by section 25, above referred to. The application for mandamus should have been denied.

As the Industrial Commissioner administers the State Fund, and his duty, after proper notice of an award, is to draw his voucher upon the State Treasurer in payment thereof, the penalty provided by section 25 applies when he fails to make such payment within ten days. The object of this penalty is to compel this administrative officer to make payment to the workman promptly. Failure to draw the voucher within the time carries automatically a penalty of twenty per cent of the compensation awarded. The Board has no discretion in this matter, neither has the Industrial Commissioner. The penalty is imposed upon the failure of the Commissioner to act within the time allotted. Immediately after the expiration of this time twenty per cent is added to the amount of the award. Mandamus, therefore, would be the appropriate remedy to compel the performance by the Commissioner of his duty to issue his voucher for the added amount when the facts justifying it sufficiently appear. Although upon the merits in this case mandamus should have been denied, the facts justify the issuance thereof in the companion case argued herewith.

The order of the Appellate Division should be reversed and that the Special Term affirmed, with costs in this court and in the Appellate Division.

CARDOZO, Ch. J., POUND, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Ordered accordingly.