In the Matter of JOSEPH HART, Respondent, against FRANCES PERKINS, as Industrial Commissioner and Custodian of State Insurance Fund, Appellant.

(Argued November 17, 1931; decided January 5, 1932.)

*John J. Bennett, Jr., Attorney-General (Irving H. Lessen* of counsel), for appellant. Mandamus will not lie to compel a State official to perform an act which involves the exercise of his discretion. (*Millard* v. *Chaplin,* 104 N. Y. 96; *Empire City Trotting Club* v. *State Racing Comm.,* 190 N. Y. 31; *Cecil* v. *Bellevue Hospital Medical College,* 60 Hun, 107; 128 N. Y. 621; *Schaw* v. *McWilliams,* 195 N. Y. 92; *Rapid Transit Const. Co.* v. *Craven,* 210 N. Y. 443; *Harris* v. *Commissioner of Land Office,* 149 N. Y. 26; *Peizotto* v. *Board of Education,* 212 N. Y. 463; *Matter*

*of Dill*, 185 N. Y. 106; *Dietz* v. *Easton*, 13 Abb. Pr. [N. S.] 159; *Kennedy* v. *Brady*, 166 N. Y. 44; *Burr* v. *Voorhis*, 229 N. Y. 382; *Matter of Larkin Co.* v. *Schwab*, 242 N. Y. 330; *Matter of County of Ulster* v. *State Dept. of Public Works*, 211 App. Div. 626; 240 N. Y. 647; *Lewis* v. *Commissioner of Education*, 219 App. Div. 233; *Matter of Picone* v. *Commissioner of Licenses*, 241 N. Y. 157; *People ex rel. St. Albans-Springfield Corp.* v. *Cornell*, 257 N. Y. 73.)

*Don Carlos Buell* for respondent. Defendant is commanded to do only a ministerial act. (*Brennan* v. *Board of Education*, 245 N. Y. 8.)

CRANE, J. On July 16, 1928, an award was made in excess of $1,516.67, which the State Fund felt was justly due, and no appeal from that part of the award was taken. An appeal was taken from the excess. The Industrial Commissioner did not pay the undisputed sum until August 14, 1928.

On October 24, 1929, an additional award of $970 was made, the Commissioner appealing only from the excess over $570. The undisputed amount, however, was not paid until December 27, 1929.

By chapter 754 of the Laws of 1928, subdivision 6, the Workmen's Compensation Law (Cons. Laws, ch. 67) referring to appeals was amended by the following addition to section 23: " A party against whom an award of compensation shall be made may appeal from a part of such award. In such a case the payment of such part of the award as is not appealed from shall not prejudice any rights of such party on appeal, nor be taken as an admission against him." The Appellate Division has awarded the claimant twenty per cent penalty upon the undisputed amounts, pursuant to section 25 of the Workmen's Compensation Law, for the reason that payments were not made within ten days after the awards were filed and

notice given. The facts are undisputed and the dates of notice and payment are not questioned.

For the reasons stated in the companion case, handed down herewith, the order in this case should be affirmed, with costs.

CARDOZO, Ch. J., POUND, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Order affirmed.