**TWINE v. LOCKE, Deputy Commissioner, et al.**

No. 6741.

District Court, E. D. New York.

April 19, 1933.

Philip Weiss, of West New Brighton, N. Y., for plaintiff.

Barnett Cohen, of New York City, for defendants.

INCH, District Judge.

Plaintiff sues the defendants for the purpose of setting aside a certain compensation order which denied plaintiff's application for an order imposing upon the defendant insurance carrier a penalty of 20 per cent. of the amount of an award made in plaintiff's favor August 2, 1932.

Plaintiff's suit is in accordance with section 21 (b) of the Longshoremen's and Harbor Workers' Compensation Act (title 33, U. S. C., chap. 18, § 921 (b), 33 USCA § 921 (b). In substance this section provides: "(b) If not in accordance with law, a compensation order may be suspended or set aside, in whole or in part," etc., through proper legal proceedings therein set forth.

[1] Facts, sufficient to make plain plaintiff's position, are that on August 2, 1932, plaintiff having been injured and having duly applied for compensation, an award was made in his favor. Plaintiff contends that this award became due and payable either on August 2, 1932, or August 7, 1932. However, inasmuch as it was not paid within ten days from either August 2, or August 7, this is immaterial. In view of the nonpayment within the 10 days, plaintiff claims that 20 per cent. was to be added. Instead of doing this, the Deputy Commissioner ruled that this penalty of 20 per cent. was "excused" on the ground that 30 days was allowed within which the defendants might have appealed, and that, inasmuch as the payment of the award had been made on August 27, 1932, before this time to appeal had expired, no such penalty should attach. No such appeal was taken.

Concededly the payment was made after 10 days had expired since it became due. It also is a fact that it was paid before the time to appeal had expired.

Section 14 in subdivision (f) of the act (33 USCA § 914 (f), provides: "If any compensation, payable under the terms of an award, is not paid within 10 days after it becomes due, there shall be added to such unpaid compensation an amount equal to 20 per centum thereof, which shall be paid at the same time as but in addition to such compensation, unless review of the compensation order making such award is had as provided in section 921 of this chapter."

Section 21, subdivision (a) of the act (33 USCA § 921 (a), provides: "A compensation order shall become effective when filed in the office of the deputy commissioner as provided in section 919 of this chapter, and, unless proceedings for the suspen-

sion or setting aside of such order are instituted as provided in subdivision (b) of this section, shall become final at the expiration of the thirtieth day thereafter."

It seems to me, therefore, that the penalty of 20 per cent. must be borne "unless" a review is had within the time limited.

No such review occurred in this case. The statute provides, under such circumstances, that, if compensation, payable under the terms of an award, is not paid within 10 days after it becomes "due," an amount equal to 20 per centum shall be added unless, etc.

Section 21 (a) provides: A compensation order shall become "effective" when filed in the office of the Deputy Commissioner and shall become "final" 30 days thereafter unless proceedings for its suspension, etc., are instituted.

Section 2 of the act (33 USCA § 902), "Definitions," does not define the words "effective" and "final" but, it seems to me, the word "effective," in view of the purpose of the act, is the same as becoming "due."

In this case, therefore, we have a period of 10 or 15 days after the 10-day period allowed, before the compensation was paid, and without any review sought.

Therefore the penalty of 20 per cent. should have been added, according to the plain wording of the statute, unless the Congress intended the word "due" to be the same as "final," which seems inconsistent with the plain intent of the law.

That the Deputy Commissioner had a "discretion" to waive such penalty does not appear to have been given him by the Congress in case of an award.

Subdivision (e) § 14 of the act (33 USCA § 914 (e), does give this right to "excuse" in cases of delayed payments of installments of compensation payable without an award. This difference in the sections is significant.

While we cannot assume that an appeal would be taken without some real ground of objection, nevertheless the question of the effect of such an appeal is not before me in this case as none was here taken.

Therefore without appeal the defendants could have paid the award, within 10 days, without penalty. If they desired to take an additional 20 days, the additional payment of 20 per centum must be added. After 30 days plaintiff could compel payment. All of this makes for prompt relief of the injured party.

While my attention has not been called to any case in the federal courts on the question here raised, a reference can be made to the somewhat similar provisions of the New York Workmen's Compensation Law (Consol. Laws, c. 67). Federal Mutual Liability Insurance Co. v. Locke (C. C. A. 2) 60 F. (2d) 895, decided several months ago.

This state law shows that section 25 thereof, as amended, provides as follows: "If the employer or his insurance carrier shall fail to make payments of compensation according to the terms of the award, within ten days thereafter, except in case of an appeal there shall be imposed a penalty equal to twenty per centum of the unpaid compensation," etc. Workmen's Compensation Law, McKinneys' Consolidated Laws of New York Ann. Book 64, Supp.

This provision has been construed by the highest court of the state, which has held that there was no discretion given the Commissioner, and that the imposition of the penalty was automatic. In re Hart v. Perkins, 258 N. Y. 61–65, 179 N. E. 259.

Plaintiff therefore is entitled to this penalty of 20 per cent. on the undisputed facts here presented.

Submit decree.