TWINE v. LOCKE, Deputy Com'r of United States Employees' Compensation Commission.,

No. 147.

Circuit Court of Appeals, Second Circuit.

Jan. 8, 1934.

Barnett Cohen, of New York City (Ethel Lapofsky, of New York City, of counsel), for appellants.

Philip Weiss, of New York City, for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

The plaintiff sustained injuries in the course of his employment as a ship caulker, for which he filed a claim for compensation under the Longshoremen's and Harbor Workers' Compensation Act (33 USCA c. 18, § 901 et seq.). This resulted in an award in his favor, an order being made that his employer and the latter's insurance carrier, Royal Indemnity Company, pay compensation at the rate of $25 per week "from October 9, 1930, to date, and for such further period as such total disability shall in fact exist." On August 2, 1932, this order was filed in the office of the deputy commissioner, and (presumably) a copy thereof sent by registered mail pursuant to section 19 (e) of the Act, 33 USCA § 919 (e). No proceedings were taken for judicial review of the order, as is permitted by section 21 of the act (33 USCA § 921), and on August 27,

1932, the plaintiff was paid compensation to August 3d, aggregating $2,075. Thereafter he petitioned Deputy Commissioner Locke to impose on the insurance carrier, under section 14 of the act (33 USCA § 914), a penalty of 20 per cent. of $2,075 on the ground that this sum was not paid within ten days after it became due. The deputy commissioner declined to assess the penalty. Thereupon the plaintiff filed his bill of complaint for a mandatory injunction, and obtained a decree granting the relief prayed for. This is the decree before us on appeal.

Section 14 (f), upon which the plaintiff bases his claim of right to obtain a 20 per cent. addition to the compensation awarded him by the order of August 2d, reads as follows: "(f) If any compensation, payable under the terms of an award, is not paid within ten days after it becomes due, there shall be added to such unpaid compensation an amount equal to 20 per centum thereof, which shall be paid at the same time as but in addition to such compensation, unless review of the compensation order making such award is had as provided in section 21 [section 921 of this chapter]." The issue in dispute requires a construction of the statute to determine when the compensation awarded by the order of August 2d became due. Section 14 does not itself supply the answer. Subdivision (a) declares that compensation must be paid promptly and periodically without an award, unless the employer controverts liability. Subdivision (b) provides that the first installment "shall become due on the fourteenth day after the employer has knowledge of the injury," and subsequent installments shall be paid semimonthly, unless the deputy commissioner determines otherwise. But this, as shown by subdivision (e), relates only to compensation paid without an award. Subdivision (d) provides what the employer shall do to controvert his liability. Subdivision (f) has already been quoted; none of the other subdivisions need be mentioned. Nothing in the section throws light on the disputed question as to the date when compensation awarded by an order "becomes due."

Section 19 prescribes the procedure in respect to controverted claims, and in subdivision (e) provides that the order making an award shall be filed in the office of the deputy commissioner, and a copy thereof shall be sent by registered mail to the claimant and to the employer. It is the plaintiff's contention that on August 2d, the date when the order was filed, or at least as soon as the

insurance carrier received a copy thereof by registered mail, the accrued compensation, namely, $2,075, at once became due. The defendants, on the other hand, assert that it cannot be due until the order becomes "final," as provided in section 21 (a) of the Act, 33 USCA § 921 (a) which reads as follows: "(a). A compensation order shall become effective when filed in the office of the deputy commissioner as provided in section 19 [section 919 of the chapter], and, unless proceedings for the suspension or setting aside of such order are instituted as provided in subdivision (b) of this section, shall become final at the expiration of the thirtieth day thereafter." This declaration that the order becomes at once "effective" but shall not be "final" for thirty days is somewhat obscure. It is "effective," we think, in the sense that the deputy commissioner is done with it; proceedings in court are necessary to suspend or set it aside [section 21 (b)], and it cannot be modified by the deputy commissioner until it has become "final," section 22 of the Act (33 USCA § 922). It is clearly not "effective" in the sense of being at once enforcible by the beneficiary, for only after it is "final" may he apply to the court for enforcement of it. Section 21 (c). Ordinarily a debt is not considered "due" until the creditor may demand payment and enforce collection. See Etz v. Perlman, 103 N. J. Eq. 425, 143 A. 548, 549. Nevertheless, it is apparent that the statute contemplates payment of compensation under an award even before the order has become "final" and enforceable. If court proceedings are instituted under section 21 (b), the order does not become "final" upon the expiration of thirty days after it was filed, and yet "the payment of the amounts required by an award shall not be stayed pending final decision in any such proceeding," except on specified conditions. This provision makes it impossible, we think, to hold that compensation cannot become "due" until the order becomes "final." In our opinion the award itself must be looked at to discover when the compensation is payable, and it "becomes due," in accordance with the payments required by the award, as soon as the order is filed and notice sent as provided in section 19 (e). Additional support for this view is found in the language of section 18 of the Act (33 USCA § 918), which provides that "in case of default by the employer in the payment of compensation due under any award of compensation for a period of thirty days after the compensation is due and payable," the claimant may apply to the deputy commissioner for an order declaring the amount of the default. It can hardly be supposed that the remedy provided by section 18 was intended to be postponed thirty days longer than the remedy by court enforcement provided in section 21 (c); yet this would be the result if compensation becomes due only after the order becomes final.

Thus we are brought to the conclusion that section 14 (f) imposes a penalty for ten days' delay in payment according to the terms of a compensation order which has been duly filed and served pursuant to section 19 (e). It must be granted that this leads to an incongruous situation with respect to the time allowed for seeking judicial review of the order. While section 21 (b) does not expressly declare how soon such a proceeding must be brought, the implication is clear from subdivision (a) that any time before the expiration of the thirty days will serve. Hence, though an employer has thirty days within which to appeal to the courts, he will incur a penalty if he fails to pay within ten days and ultimately decides not to appeal. We should be loathe to ascribe such a policy to Congress, could we find any escape from it in the statutory language; but we cannot. Moreover, this seems to be the policy of the New York Workmen's Compensation Law (Consol. Laws c. 67) upon which the federal statute was modeled. The case of In re Hart v. Perkins, 258 N. Y. 66, 179 N. E. 261, supports this view. There an award was made July 16, 1928, and paid August 14th. Thus it was paid before the expiration of the thirty days permitted for appeal by section 23 of the Workmen's Compensation Law, as amended by Laws 1928, c. 754, § 6. The court nevertheless awarded a 20 per cent. penalty under section 25, which imposes such penalty for failure of the employer "to make payments of compensation according to the terms of the award within ten days thereafter, except in case of an appeal." While the language of the sections involved is not identical with that of the federal statute, the corresponding sections are substantially similar. The decision is therefore very persuasive, although not of compelling force. See Federal Mut. Liability Ins. Co. v. Locke, 60 F.(2d) 895, 897 (C. C. A. 2); Poe v. Poe, 125 Ark. 391, 188 S. W. 1190; Stutsman County v. Wallace, 142 U. S. 293, 312, 12 S. Ct. 227, 35 L. Ed. 1018.

For the foregoing reasons the decree is affirmed.