## ARROW STEVEDORE CO. et al. v. PILLSBURY, Deputy Com'r, et al.

### No. 3885–R.

District Court, N. D. California, S. D.

Nov. 23, 1935.

John H. Black and J. M. Wallace, both of San Francisco, Cal., for plaintiffs.

H. H. McPike, U. S. Atty., and S. P. Murman, Asst. U. S. Atty., both of San Francisco, Cal., for defendant Pillsbury.

ROCHE, District Judge.

This is a suit in equity brought by the plaintiffs, Arrow Stevedore Company and Fireman's Fund Insurance Company, to vacate and set aside an order made by the defendant Warren H. Pillsbury, Deputy Commissioner for the Thirteenth Compensation District under the Longshoremen's and Harbor Workers' Compensation Act, awarding certain additional compensation to defendant George Max, an employee of the stevedore company. Plaintiffs also pray that the payment of the additional compensation be stayed pending the final decision of this cause.

Defendants moved to dismiss the plaintiffs' bill of complaint. The facts are not in dispute. The question involved is: When an employer appeals within thirty days from a compensation award under the Longshoremen's and Harbor Workers' Compensation Act (33 U.S.C.A. § 901 et seq.), but fails to make a prescribed payment within ten days' notice of the award, is it necessary for him within ten days of the notice of the award to apply for an interlocutory injunction staying payment, in order to avoid liability for 20 per cent. additional compensation assessed when the basic award is not paid within ten days?

Although this precise issue has never arisen in the reported cases, it seems reasonable to hold that the appealing employer must pay the compensation award within ten days or incur liability for the 20 per cent. additional award. If he applies within ten days for an injunction which is granted, payments will be stayed, but only from the date the injunction issues. Any installments of the award due before the injunction issues must be paid. Thus, if the employer refuses to pay the award within ten days, his means of avoiding the added compensation will be to apply for and *obtain* the interlocutory injunction within the ten day period.

Section 14 (f) of the Act (33 U.S.C.A. § 914 (f) provides:

"If any compensation, payable under the terms of an award, is not paid within ten days after it becomes due, there shall be added to such unpaid compensation an amount equal to 20 percentum thereof, which shall be paid at the same time as but in addition to such compensation, unless review of the compensation order making such award is had as provided in section twenty-one of this Act [section 921 of this chapter]."

Section 21 (33 U.S.C.A. § 921) in turn states:

"(a) A compensation order shall become effective when filed in the office of the deputy commissioner as provided in section nineteen of this Act [section 919 of this chapter], and, unless proceedings for the suspension or setting aside

of such order are instituted as provided in subdivision (b) of this section, shall become final at the expiration of the thirtieth day thereafter.

"(b) If not in accordance with law, a compensation order may be suspended or set aside, in whole or in part. * * * The payment of the amounts required by an award shall not be stayed pending final decision in any such proceeding unless upon application for an interlocutory injunction the court, on hearing * * * allows the stay of such payments, in whole or in part, where irreparable damage would otherwise ensue to the employer."

If no appeal is taken and the award is paid after ten days but within thirty days (the period allowable for appeal), the 20 per cent. additional compensation must be paid. Twine v. Locke (D.C.) 3 F.Supp. 1012, affirmed (C.C.A.) 68 F.(2d) 712. That case held that "becoming due" as used in section 14 (f) (33 U.S.C.A. § 914 (f) means the same as "effective" under section 21 (a) (33 U.S.C.A. § 921 (a), but neither term signifies "final" as utilized in section 21 (a). It is noted that Twine v. Locke is not absolutely controlling as to the meaning of the above language in the instant case because here an appeal was taken. However, it is highly persuasive authority, and the words should have the identical meanings even where an appeal is taken.

It appears from the express wording of the last sentence of section 21 (b), 33 U.S.C.A. § 921 (b), that in no case can payments be stayed unless an interlocutory injunction is obtained, regardless of whether or not an appeal is perfected. In fact, if, as plaintiffs contend, an appeal within thirty days automatically stayed payments, the interlocutory injunction provision of the act would be practically meaningless. Congress cannot be presumed to have intended such a result.

The reference of section 14 (f) to reviews "as provided in section twenty-one [section 921 of this chapter]" does not mean merely the instigation of an appeal, as plaintiffs contend. The proceedings under section 21 must be taken in their entirety. Viewed in such a light, it is plain that the review includes an interlocutory injunction if the payments are to be excused pending final disposition on appeal.

Such a result is consistent with the intent of the act which is designed to afford quick redress to the employee. As was said in Twine v. Locke, 3 F.Supp. at page 1012, 1013: "Therefore without appeal the defendants could have paid the award, within 10 days, without penalty. If they desired to take an additional 20 days, the additional payment of 20 per centum must be added. After 30 days plaintiff could compel payment. *All of this makes for prompt* relief of the injured party." (Italics inserted.)

In this case, although plaintiffs appealed within thirty days, they did not start paying the award until after ten days had expired; neither did they apply for the interlocutory injunction within the same period. Hence, the deputy commissioner was fully justified in awarding the additional compensation. In fact, the additional award was not a matter of discretion, but a duty.

Therefore, the defendants' motion to dismiss the plaintiffs' bill of complaint will be granted.