**CANDADO STEVEDORING CORPORATION v. LOWE, Deputy Com'r.** *

No. 409.

Circuit Court of Appeals, Second Circuit.

Aug. 3, 1936.

Edwin M. Bourke, of New York City, for complainant-appellant.

*Writ of certiorari denied 57 S. Ct. 115, 81 L. Ed. —.

Leo J. Hickey, U. S. Atty., of Brooklyn, N. Y. (Vine H. Smith and Clarence Wilson, Asst. U. S. Attys., both of Brooklyn, N. Y., of counsel), for deputy-commissioner-appellee.

Samuel Stern, of New York City, for claimant-appellee Pietro Angelo.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

Pietro Angelo, hereinafter called the "claimant," was injured while employed as a stevedore on the barge Loretta by Candado Stevedoring Corporation, hereinafter called the "employer." He filed a claim for compensation, pursuant to the provisions of the Longshoremen's and Harbor Workers' Compensation Act (33 U.S.C.A. § 901 et seq.), was awarded compensation thereunder, and, in addition, the 20 per cent. penalty provided by section 14 (f) of the act (33 U.S.C.A. § 914 (f). The employer was a self-insurer.

At the time the claimant was injured the Loretta was owned by Ira S. Bushey & Sons, Inc., and was under charter hire to the Seaboard-Great Lakes Corporation. Soon after the accident he filed with the Compensation Commission a notice of election to sue a third party or parties and thereupon brought an action against Ira S. Bushey & Sons, Inc., for $45,000 damages arising from the negligence of the latter, in that one of the hatch covers of the barge had a defective cleat. He did not make Seaboard-Great Lakes Corporation a party defendant, as he was not then aware of the charter. Ira S. Bushey & Sons, Inc., then filed a petition to limit liability, the claimant answered the petition, but subsequently defaulted in the limitation proceeding, whereupon the court took an inquest and found that the owner was entitled to limit liability and that the accident was wholly due to the negligence of Angelo. This resulted in a decree on May 14, 1934, in the limitation proceeding noting the default and exonerating the owner of the barge from liability. On July 31, 1934, the result of the third party action against Ira S. Bushey & Sons, Inc., was known to United States Protective & Indemnity Agency, which was the partial indemnitor of the employer in workmen's compensation matters, and on or before that day, the employer had been informed that the claimant had requested to have his claim for compensation placed on the commissioner's calendar for hearing and that he would take no further steps in the third party action against Ira S. Bushey & Sons, Inc.

In November, 1934, hearings began before the deputy commissioner in the compensation proceeding, and on May 13, 1935, compensation was awarded to the claimant up to April 9, 1935, in the sum of $2,447.50 with weekly payments thereafter of $17.50. A few days after the award was made, the employer brought the present suit under section 21 of the Longshoremen's Act (33 U.S.C.A. § 921) to set aside the award and restrain its enforcement and moved for a temporary injunction pursuant to section 21 (b), 33 U.S.C.A. § 921 (b), which was denied. The employer did not pay the award. Accordingly, on July 16, 1935, the deputy commissioner made a supplemental order, pursuant to section 14 (f), 33 U.S.C.A. § 914 (f), declaring the amount of the default, which had increased to $2,692.50 because of the accrual of the weekly sums since the date of the original award and imposing a penalty of 20 per cent., or $538.50, under section 14 (f) of the act. After this supplemental order was made, the District Court granted a temporary injunction against the payment of the penalty. Inasmuch as payment of the $2,692.50 due on the award proper without the penalty had not been stayed, that sum was collected from the employer by an execution levied by the United States marshal. At the final hearing, Judge Moscowitz ordered the complaint dismissed, and from the decree entered on his decision this appeal was taken.

The appellant contends that the claimant has forfeited his right to compensation by voluntarily defaulting in the limitation proceeding. In American Lumbermen's Mutual Casualty Co. v. Lowe, 70 F.(2d) 616, 618, we held that the mere institution and subsequent discontinuance of a third party action does not constitute a final election, and that "some prejudice to the employer * * * from the discontinuance of the action ought to be shown in order to render the initial election unalterable."

It is true that in the foregoing case the claimant discontinued his action against the third party before proceeding to seek compensation and it was the institution of the action against a third party, followed by its discontinuance, that we held insufficient to constitute a final election. The reason, however, that these acts did not amount to such an election was because no prejudice to the right of subrogation ever arose. And we were of the clear opinion

that nothing which did not prevent the employer from effectively exercising that right should deprive the claimant of compensation. The claimant in the case at bar was found by the court in the limitation proceeding to have had no cause of action against Ira S. Bushey & Sons, Inc., of the slightest value. But if the employer was really dissatisfied with the failure of the claimant to pursue his claim and offer evidence, it had about two weeks within which it might move to open the default under the local rule. We cannot suppose that the court would deny relief if the claim had real merit. As it was the employer made no attempt to preserve his alleged right and seemed to prefer to assume that a valuable claim against the third party had been willfully abandoned, rather than to make any attempt to open the default and litigate the claim or to prove its worth in the present suit. We think it important to have the right of workmen to compensation treated in a liberal spirit and only denied where some injustice or injury to the employer appears. The right of the employee should not be defeated by mere technicalities. Accordingly, we hold that the bill to nullify the decision of the deputy commissioner was properly dismissed. The question remains whether the penalty assessed by the deputy commissioner was contrary to law.

■ Section 14 (f) of the act (33 U.S.C.A. § 914 (f) provides: "If any compensation, payable under the terms of an award, is not paid within ten days after it becomes due, there shall be added to such unpaid compensation an amount equal to 20 per centum thereof, which shall be paid at the same time as but in addition to such compensation, unless review of the compensation order making such award is had as provided in section 21 [section 921 of this chapter]." The award was not paid within ten days.

Section 21 (b), 33 U.S.C.A. § 921 (b), provides that a compensation order, if not in accordance with the law, may be suspended or set aside through injunction proceedings and that: "The payment of the amounts required by an award shall not be stayed pending final decision in any such proceeding unless upon application for an interlocutory injunction the court * * * allows the stay of such payments, in whole or in part."

It is argued that because section 14 (f) imposes the 20 per cent. penalty where an award is not paid within ten days after it becomes due "unless review of the compensation order making such award is had as provided in section 21 [section 921 of this chapter]," the mere institution of the review tolls the penalty. We think this an unlikely interpretation of section 14 (f) when read with section 21. It would mean that the employer may willfully neglect to pay when he has not applied for an injunction pendente lite, or has failed to obtain one, and be subjected to no penalty or to any inducement other than fear of the levy of an execution to compel fulfillment of his obligation. In Twine v. Locke, 68 F.(2d) 712, 714, we sustained the penalty where the employer had failed to pay an award within ten days though he had thirty days within which to appeal from the Commissioner and made the payment within the latter period. A similar conclusion was reached by the New York Court of Appeals in dealing with the Workmen's Compensation Law of that state in Hart v. Perkins, 258 N.Y. 66, 179 N.E. 261. We think that the clause of section 14 (f) which imposes the penalty "unless review * * * is had as provided in section 21 [section 921 of this chapter]" makes the securing of a temporary injunction, at least, the only exception which will obviate the imposition of the penalty. Certainly this construction of a somewhat ambiguous section is most in accord with our decision in Twine v. Locke, 68 F.(2d) 712, which seemed to us inevitable. It is to be observed that irrespective of the appeal the employer is bound to pay unless he obtains an injunction. He cannot avoid his obligation by filing a bond as an ordinary judgment debtor may do. In other words, unless the court is satisfied with the merits of his case, the duty to pay is absolute. The penalty is imposed for neglect to pay within ten days unless he brings himself within the exception which is a review as provided in section 21, that is, where an injunction against such payment is allowed.

In view of the foregoing we hold that the default in the limitation proceeding did not release the employer from the payment of compensation and that the penalty was properly added to the award.

Decree affirmed.

L. HAND, Circuit Judge (dissenting in part).

The penalty was in my judgment wrong. We held in Twine v. Locke, 68 F.(2d) 712, that the award was "due" in ten days after

the order was made; here the review was filed within that time. Moscowitz, J., has proceeded on the theory that the award must be paid notwithstanding, or the penalty is due, unless the court stays execution under section 21 (b). Under section 14 (f), the mere institution of a proceeding under section 21 (b) tolls the penalty "unless review * * * is had as provided in section 21 [section 921 of this chapter]." It is true that the award continued to be "due" unless stayed pendente lite, although the employer files his bill; the claimant may collect. But that is a very different theory from saying that the penalty is imposed unless it is stayed. That might have been the law; it might be reasonable to say that unless the employer could get a stay his default should be penalized, but the language of section 14 (f) seems to me to forbid it. Suppose an employer gets a temporary injunction and fails in the end; clearly he has not any penalty to pay; he has tried out the remedies given him. Does he pay a penalty because in addition he fails to get a temporary injunction? It might perhaps be reasonable to say that if he cannot succeed in creating enough doubt to get even a preliminary injunction, his default ought to be considered willful; but there is no hint of any distinction between the two kinds of injunction, and it seems enough that he should be subject to execution on the award, though he proposes to challenge it. The analogy of a stay pending appeal appears to be apposite to the situation; penalties are for willful refusals by those who mean neither to appeal nor to perform.