Per Curiam.

While section 29 of the Workmen’s Compensation Law, requiring that any action by an injured workman against a negligent third person be brought within six months after the awarding of compensation, makes no reference to the notice of award required to be sent to the claimant under section 20 of the law, we think that a liberal construction of the statute for the benefit of an injured workman warrants our holding that the six months’ period of limitation on suit dates from the giving of notice of the award and that the plaintiff is entitled to the benefit of section 164 of the Civil Practice Act. Adding the three days to the time specified, allowed by section 164 of the Civil Practice Act because of service of the notice by mail, the present action was instituted in time. Support for this view is found in Matter of Bolton v. City of New York (264 App. Div. 964) where section 164 of the Civil Practice Act was held applicable in counting the time in which an award could be paid without incurring the penalty for delay under section 25 of the Workmen’s Compensation Law. Section 25 contains no reference to notice, but like section 29 requires action within a specified time after the award. It was held, however, that the time dated from notice of the award with the three days added under section 164 of the Civil Practice Act (see, also, Matter of Hart v. Perkins, 258 N. Y. 61, 66). We think that similarly a plaintiff should have six months from the date of notice of the award, with three days added if service is made through the mails, in which to bring his action under section 29 of the Workmen’s Compensation Law.
The orders and judgment appealed from should be reversed and defendants ’ motion for a summary judgment denied.