Dore, J.
(dissenting). If an injured employee takes or intends to take compensation and at the same time desires to bring an *255 action against a third party, the applicable statute, section 29, of the Workmen’s Compensation Law expressly requires, so far as relevant, that1 ‘ such action must be commenced not later than six months after the aivarding of compensation * * (Italics mine.) The statute does not say the time starts to run after notice of the award has been sent to claimant by the Workmen’s Compensation Board as required by section 20. By a “ liberal ” construction the majority now makes the notice mentioned in section 20 the sole basis for computing the running of the statute although section 29 makes the award and not the notice determinative. Under such construction, if the board should fail to give the claimant notice for a year or two years or more, the claimant’s time to sue instead of being restricted, as it is by the mandatory language of section 29 to “ not later than six months after the awarding of compensation ”, may he extended to a year or more. The phrase “ within six months after the awarding of compensation ” appears twice in section 29 as a special Statute of Limitations, a statute of repose.
A similar liberal rule of construction with regard to another special Statute of Limitations was very recently overruled by the Court of Appeals in Arnold v. Mayal Realty Co. (299 N. Y. 57), in which the Court of Appeals said (p. 60): “ We must reject the construction adopted by the court below as unwarranted and unauthorized. A Statute of Limitations is not open to discretionary change by the courts, no matter how compelling the circumstances (Gregoire v. Putnam's Sons, 298 N. Y. 119) and when given its intended effect such a statute is one of repose, and experience has shown that the ‘ occasional hardship is outweighed by the advantages of outlawing stale claims.’ (Schmidt v. Merchants Desp. Transp. Co., 270 N. Y. 287, 302; Jackson ex dem. Bleecker v. Wiseburn, 5 Wend. 136; Wait v. Van Allen, 22 N. Y. 319; People ex rel. Northchester Corp. v. Miller, 288 N. Y. 163, 166.) ” In that ease the Decedent Estate Law required that an action must he commenced within two years after decedent’s death but by construction this court permitted actual commencement of suit after the two years had run. The Court of Appeals said: “ The applicable statutes as we read them (Decedent Estate Law, § 130; Civ. Prac. Act, §§ 16, 218, 219) are not open to discretionary construction but must be read and applied according to the express language used. Any other view would lead to confusion and uncertainty.” (P. 61.)
That comment is equally applicable to the case before us. By subdivision 2 of section 29, it is provided that if the employee has *256 failed to commence action against the third party “ within the time limited therefor by subdivision one,” of section 29 (viz., six months after the award) that operates as an assignment of the cause of action to the insurance carrier who may sue the third party. If we now extend the time to sue to the time when the notice is actually given by the hoard, and if notice is delayed, the third party may well face double liability. By the express terms of the statute in question I think the construction about to be made is unwarranted.
Matter of Hart v. Perkins (258 N. Y. 61, and the companion case, 258 N. Y. 66) held only that when an insurance carrier failed to pay within ten days after the making of an award the claimant was entitled to the prescribed penalty.
Matter of Bolton v. City of New York (264 App. Div. 964) holds only that section 164 of the Civil Practice Act, granting three additional days to serve when service is made by mail, is applicable. It does not touch upon the main issue here, i.e., whether the six months ’ Statute of Limitations, commences from making of award or from service of notice of same.
Accordingly, I dissent and vote to affirm Special Term’s orders granting defendants’ motion for summary judgment dismissing the complaint and the judgment entered thereon.
Peck, P. J., Glennon, Van Voobhis and Shientag, JJ., concur in Per Curiam opinion; Dobe, J., dissents in opinion.
Judgment and orders reversed, with costs to the appellant and the motion for summary judgment denied. Settle order on notice. [See post, p. 936.]