In the Matter of the Claim of VASLIE BADARIE, Respondent, *v.* CHARLES B. GOLS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, February 18, 1966.

*Joseph M. Soviero* (*Louis Busell* of counsel), for appellants.

*Roshwald & Tischler* (*Herman J. Roshwald* and *Michael J. Golden* of counsel), for claimant-respondent.

*Louis J. Lefkowitz, Attorney-General* (*Daniel Polansky* and *Jorge L. Gomez* of counsel), for Workmen's Compensation Board, respondent.

TAYLOR, J. Claimant, employed as a painter, sustained an industrial injury on April 29, 1960. Awards of compensation were made and paid to June 26, 1964 on which date the board approved a nonschedule adjustment in the amount of $8,000 which included the sum of $900 to be paid directly to his attorneys for their services. The employer had secured compensation for its employees in the State Insurance Fund. The decision of the board filed on June 26, 1964 was received by the Fund on June 29, 1964. On July 13, 1964 claimant went to its office and complained that he had not received payment of the agreed settlement. Thereupon the Fund took immediate steps to stop the payment of the check which it claimed to have

issued in the appropriate amount and on July 2, 1964 to have mailed to claimant at the address which he had designated. At its instance claimant executed a sworn statement certifying that he had not received the check in question. It further provided: "That this affidavit is made for the express purpose of inducing The State Insurance Fund to issue to deponent a new check in place of the one above described, realizing full well that The State Insurance Fund relies on the truth of the representations herein made by deponent in issuing such new check.

"In consideration of the issuance of such new check, deponent hereby agrees that he will reimburse The State Insurance Fund for any and all costs, charges or losses which may be incurred by the State Fund as a result of the presentation of original check for payment by the payee or in any other instance resulting from the issuance of a new check herein and hereby voluntarily agrees to repay any moneys so paid by The State Insurance Fund promptly on demand." (See State Finance Law, § 101.)

Despite claimant's agreement to indemnify the Fund against loss, it refused to issue a supplanting check in payment of the compensation benefits until the expiration of 60 days from the date of the initial check when the latter would become nonnegotiable by reason of a restrictive inscription which it bore in compliance with a directive promulgated by the Commissioner of Taxation and Finance in his capacity as custodian of the State Insurance Fund. (Workmen's Compensation Law, § 85.)

In this proceeding claimant sought to enforce the penalty provided by section 25 (subd. 3, par. [c]) of the Workmen's Compensation Law. We think the Workmen's Compensation Board correctly determined that he was entitled to the added amount.

The protective agreement which the Fund secured from claimant could serve no purpose other than to assure the contemporaneous payment of the agreed adjustment by the issuance of a duplicate check to replace the lost original and such was clearly the implied consideration for the indemnificatory promise of claimant. In any event it was not irrational for the board to conclude that the parties so intended and on the basis of the carrier's default to impose the statutory penalty. We see no reason to put the State Insurance Fund under a different standard of risk than that expected of other carriers where, as in this case, there had been compliance by claimant with a condition which it had imposed as the basis for the issuance of a new check. Moreover, it seems to us that the danger of liability to

a holder in due course which the Fund apprehended is well outweighed by the public policy of the State that compensation awards made to disabled workmen should be promptly paid. (See Workmen's Compensation Law, § 25, subd. 1, pars. [a], [e]; § 25, subd. 3, par. [c].)

The decision should be affirmed.

GIBSON, P. J., HERLIHY, REYNOLDS and AULISI, JJ., concur.

Decision affirmed, with one bill of costs to respondents filing briefs.