In the Matter of the Claim of WALTER URCHENKO, Respondent, v. CITY OF NEW YORK, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal from a decision of the Workmen's Compensation Board assessing a penalty against appellant pursuant to section 25 (subd. 3, par. [c]) of the Workmen's Compensation Law. The Referee found that claimant had sustained a "permanent causally related 50% loss of use of the right arm." The appellant appealed to the board requesting that "the Referee's finding of loss of 50% of the right arm be rescinded; that the only schedule loss is that of 50% loss of use of the right hand". The board affirmed the Referee, and shortly thereafter claimant filed a request for a penalty pursuant to section 25 (subd. 3, par. [c]) on the theory that appellant had appealed only as to the difference between an award for loss to an arm and

an award for loss to a hand so that it should have at least made payment for the schedule amount for a hand-loss immediately after the Referee decision. The board assessed the penalty, and we believe correctly so. Where an appeal is taken from part of an award a penalty is properly imposed for nonpayment of the undisputed amount (*Matter of Hart* v. *Perkins,* 258 N. Y. 66), and while appellant asserts that it did not concede that an award for at least loss of use of the hand was proper, the board could clearly find that appellant's position during the hearing before the Referee, in its application for review and on its argument before the board belies such a contention. There is no suggestion that the appellant did not appeal to the board in good faith. On the other hand the purpose of section 25 of the Workmen's Compensation Law is to insure that the injured employee *promptly* receives benefits under the law to the extent conceded. We find no merit in appellant's additional contentions. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Taylor and Aulisi, JJ., concur.