■ In the Matter of the Claim of WILLIAM NUTE, Respondent, v. BANK OF COMMERCE et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, J. Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed June 30, 1967, which assessed a penalty against the carrier pursuant to section 25 (subd. 3, par. [c]) of the Workmen's Compensation Law. The said section 25 (subd. 3, par. [c]) provides as follows: " If the employer or his insurance carrier shall fail to make payments of compensation according to the terms of the award

within ten days thereafter, except in case of an appeal, there shall be imposed a penalty equal to twenty per cent of the unpaid compensation which shall accrue to the benefit of the injured workman or his dependents and shall be paid to him or them." Appellants contend that the penalty is inapplicable when the award although paid after 10 days is paid within the 30-day period of section 23 of the Workmen's Compensation Law which provides, in pertinent part, as follows: " Within thirty days after notice of the decision of the board * * * has been served upon the parties * * * an appeal may be taken therefrom to the appellate division of the supreme court, third department ". The appellants would construe the 10-day period as meaning after the award becomes final under section 23 as quoted above. The appellants, however, overlook the fact that section 23 provides that the " award or decision of the board shall be final and conclusive * * * unless reversed or modified on appeal therefrom ". (Emphasis supplied.) The mere fact that an appeal is filed does not affect the finality of an award under section 23, but it does automatically stay the penalty. While the appellants would have 30 days to institute an appeal, the penalty provisions require that the decision to pay or appeal be made within 10 days. The sections are clear on this point and require no judicial construction. The mandatory nature of this penalty was considered in Matter of Hart v. Perkins (258 N. Y. 61, 65) and Matter of Beckman v. Piels Brewery (28 A D 2d 1159, mot. for lv. to app. den. 21 N Y 2d 641). The Civil Practice Law and Rules is inapplicable to the present case (see CPLR 101) and the penalty imposed is not penal in nature. The contentions of the appellants are entirely without merit. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Herlihy, J.