## THIRD DEPARTMENT, AUGUST, 1979

### (August 9, 1979)

■   In the Matter of the Claim of SAM SURDI, Appellant, v PREMIUM COAL AND OIL CO., INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed December 14, 1977. Claimant sustained a work-related injury, which was classified a permanent partial disability, and received compensation at the rate of $56.77 per week. He thereafter applied for a lump-sum settlement and, on December 22, 1976, the board approved a nonschedule adjustment in the sum of $13,000. However, payment was not made until January 31, 1977. Claimant then sought a penalty for failure to pay the award within 10 days and the referee fixed the penalty due him at 20% of the $13,000 nonschedule adjustment (see Workers' Compensation Law, § 25, subd 3, par [c]). Following an objection by the employer and its carrier, the board modified the penalty to 20% of $227.08, representing claimant's reduced earnings for the four-week period from January 1, 1977 to January 31, 1977, and this appeal ensued. In our view, there should be an affirmance. The approval by the board of an application for a nonschedule adjustment permitting the payment of a lump sum must be founded on conclusions that

the claimant's future earning capacity and continuance of disability cannot be ascertained with reasonable certainty, and that such action is fair and in his best interest (Workers' Compensation Law, § 15, subd 5-b). In this case, the board has further determined, for the purpose of a penalty, that compliance with its approval does not fully constitute "payments of compensation according to the terms of the award" (Workers' Compensation Law, § 25, subd 3, par [c]). Although we are not unmindful of certain judicial expressions tending to a contrary result (see *Matter of Hart v Perkins,* 258 NY 66; *Matter of Hart v Perkins,* 258 NY 61; *Matter of Badarie v Charles B. Gols, Inc.,* 25 AD2d 79, mot for lv to app den 17 NY2d 423; *Matter of Dodson v Healy Co.,* 275 App Div 130, mot for lv to app den 300 NY 760), none of those opinions directly addressed the quoted language, whereas here it is the board which has interpreted the applicable statutory provision. Had the settlement not been approved, it is well to remember that the "award" would have remained one of reduced earnings at the weekly rate of $56.77. We conclude, therefore, that the board construed the statute in a reasonable manner and in accordance with legislative intent (see *Matter of Howard v Wyman,* 28 NY2d 434). Decision affirmed, without costs. Greenblott, Kane and Main, JJ., concur.

Mahoney, P. J., and Mikoll, J., dissent and vote to reverse in the following memorandum by Mahoney, P. J. Mahoney, P. J. (dissenting). Once the board made the lump-sum nonschedule adjustment to settle the claim and closed the case, the agreed upon sum of $13,000 became the award and represented "payments of compensation" as contemplated by the applicable penalty provisions of the Workers' Compensation Law (Workers' Compensation Law, § 25, subd 3, par [c]; see *Matter of Hart v Perkins,* 258 NY 66; *Matter of Hart v Perkins,* 258 NY 61; *Matter of Badarie v Charles B. Gols, Inc.,* 25 AD2d 79, mot for lv to app den 17 NY2d 423; cf. *Matter of Dodson v Healy Co.,* 275 App Div 130, mot for lv to app den 300 NY 760). Further, section 25 of the Workers' Compensation Law is self-executing once the board has given proper notice of the award as was done here. The board has no discretion in this matter, nor does the Industrial Commissioner *(Matter of Hart v Perkins, supra,* p 65; see, also, *Matter of Nute v Bank of Commerce,* 30 AD2d 1011; *Matter of Beckman v Piels Brewery,* 28 AD2d 1159, mot for lv to app den 21 NY2d 641). The result approved by the majority is contrary to the public policy favoring prompt payment to injured employees which underlies the penalty provisions of section 25 of the Workers' Compensation Law (see *Matter of Beckman v Piels Brewery, supra; Matter of Urchenko v City of New York,* 25 AD2d 804). It should be noted that the issue presented by this case was addressed by the Florida Supreme Court in *Brantley v A D H Bldg. Contrs.* (215 So 2d 297), which held that a statutory penalty for late payment applied to the entire lump-sum settlement under a similar compensation statute. Accordingly, the board's decision should be reversed and the penalty fixed by the referee reinstated.