## WILLIAMS v. LAWSON, Deputy Compensation Com'r, et al.

Circuit Court of Appeals, Fifth Circuit.
October 26, 1929.

No. 5656.

Anderson Ulmer, of Savannah, Ga., for appellant.

Charles L. Redding, U. S. Atty., George Noble Jones, Asst. U. S. Atty., both of Savannah, Ga., for appellee Deputy Commissioner.

W. Spencer Connerat, of Savannah, Ga. (W. Spencer Connerat, and Connerat & Hunter, all of Savannah, Ga., on the brief), for appellee Independence Indemnity Co.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This is an appeal from a decree disallowing the claim of the appellant, under the Longshore-

men's and Harbor Workers' Compensation Act (33 USCA § 901 et seq.), for compensation for the death of her deceased husband, Isaac Williams, a stevedore, who died on August 2, 1927, as a result of injuries received in the course of his employment while at work in the hold of a vessel upon the navigable waters of the United States. That decree adjudged that the appellee Independence Indemnity Company, the insurance carrier, pay to the Treasury of the United States $1,000, as provided in section 44(c)(1) of the act mentioned (33 USCA § 944(c)(1). The following appears from the findings of fact, the correctness of which was not disputed: Appellant and the deceased employee were married in September, 1917. They lived together until some time in 1922 or 1923, when they separated, the deceased leaving appellant for justifiable cause. In 1923 appellant married Henry Coleman, and they lived together as man and wife for about two years. At the time of the death of Isaac Williams appellant was not living with him or dependent for support on him, and was not living apart for justifiable cause or by reason of his desertion at such time.

The claim asserted was resisted on the ground that appellant was not a beneficiary within the meaning of section 9 of the act (33 USCA § 909), which provides: "If the injury causes death, the compensation * * * shall be payable in the amount and to or for the benefit of the persons following: * * * If there be a surviving wife * * * and no child of the deceased under the age of 18 years, to such wife * * * 35 percentum of the average wages of the deceased, during widowhood, * * * with two years' compensation in one sum upon remarriage."

Section 2 of the act (33 USCA § 902(16) provides: "When used in this Act * * * (16) the term 'widow' includes only the decedent's wife living with or dependent for support upon him at the time of his death; or living apart for justifiable cause or by reason of his desertion at such time." The word "widow" was not used in any subsequent part of the act. That word means a woman who has lost her husband by death. Century Dictionary; Cole v. Mayne (C. C.) 122 F. 836, 839. The words "surviving wife" used in section 9 of the act describe the same person as would have been described by the word widow. That the words "surviving wife" in the above-quoted provision of section 9 were intended to be the equivalent of the word "widow" is indicated by the succeeding part of the same sentence which makes the prescribed compensation payable "during widowhood." A preceding section of the act

having defined the word "widow" when used in the act, it is to be inferred that an intended effect of making the prescribed compensation payable "during widowhood" was to keep the right provided for from accruing in favor of one who was the wife of the deceased employee at the time of his death, but whose state or condition at that time was not that of a widow as defined in section 2 of the act. We are of opinion that above set out provisions of the act show that a right to the prescribed compensation was not intended to be conferred on one who was the wife of a deceased employee at the time of his death, but who at that time was not living with him or dependent for support on him, or living apart for justifiable cause or by reason of his desertion at such time. We conclude that the court did not err in disallowing the claim asserted by appellant.

The decree to that effect is affirmed.