**UNITED FRUIT CO. et al. v. PILLSBURY, Deputy Com'r.**

No. 3013 L.

District Court, N. D. California, S. D.

Jan. 9, 1932.

R. P. Wisecarver, of San Francisco, Cal., for complainants.

George J. Hatfield, U. S. Atty., and Francis J. Perry, Asst. U. S. Atty., both of San Francisco, Cal., for defendant.

LOUDERBACK, District Judge.

This case involves an interpretation of the Longshoremen's and Harbor Workers' Compensation Act March 4, 1927, c. 509, § 22, 44 Stat. 1437, 33 USCA § 922. The facts are as follows: One Bert King was in the employ of the United Fruit Company on September 2, 1930, at San Francisco Harbor in the Thirteenth Compensation District, and while performing stevedoring services for said employer on board the steamship San Mateo, then afloat upon navigable waters of the United States, sustained accidental injury arising out of and in the course of said employment, which injury caused disability.

Said Bert King filed a claim for compensation against complainants herein before Warren H. Pillsbury, Deputy Commissioner of the Thirteenth Compensation District; and after proceedings regularly and duly had before said Warren H. Pillsbury, a compensation order and award of compensation was on December 16, 1930, reg--

ularly and duly entered and made, in which it was found and awarded that the disability from said injury terminated as of November 17, 1930, and compensation on account of said disability was terminated as of said November 17, 1930, and that the claimant Bert King had suffered from and after November 17, 1930, from certain conditions causing disability, but that such conditions were not caused or in any way affected or aggravated by his injury and did not prolong disability resulting from his injury. This award was not appealed from nor set aside, and was fully paid. The award of December 16, 1930, contained the following sentence, in the section called "Findings of Fact": "Jurisdiction is reserved to determine hereafter whether, after said conditions have cleared up, any disability may recur or be found attributable to his injury." The award itself was for the payment of $78.55 without any reservation.

On August 20, 1931, Warren H. Pillsbury, the deputy commissioner, gave notice of a hearing to reopen the said proceedings and held a hearing thereon. Thereafter, on August 31, 1931, the deputy commissioner made and entered an order for payment of further compensation which required complainants herein to pay compensation to said Bert King for disability alleged to have resulted from the aforesaid injury and to have existed from December 16, 1930, to August 20, 1931, and to be continuing at the date of the award, and awarded compensation at the rate of $25 a week during said period of disability and continuing until the termination of said disability or the further order of the deputy commissioner.

The cause came on for hearing before this court upon the original bill, which prays that the order for payment of further compensation made on August 31, 1931, by the deputy commissioner be set aside and that a mandatory injunction issue; and upon the motion of defendants to dismiss the bill of complaint on the ground that said bill was not founded in equity.

■ The question before the court is whether or not the order and award of December 16, 1930, terminated liability for disability as of November 17, 1930, and was and is a final determination of the matters in issue between the parties thereto, after the statutory thirty days for appeal, or whether the same could be reopened and any recurring or other attributable disability be considered after this date.

Section 22 of the Longshoremen's and Harbor Workers' Compensation Act (33 USCA § 922), on "Modification of awards," reads as follows: "Upon his own initiative, or upon application of any party in interest, on the ground of a change in conditions, the deputy commissioner may at any time during the term of an award and after the compensation order in respect of such award has become final, review such order in accordance with the procedure prescribed in respect of claims in section 919 of this chapter, and in accordance with such section issue a new compensation order which may terminate, continue, increase, or decrease such compensation. Such new order shall not affect any compensation paid under authority of the prior order."

Section 21 of the act (33 USCA § 921) (a) reads as follows: "A compensation order shall become effective when filed in the office of the deputy commissioner as provided in section 919 of this chapter, and, unless proceedings for the suspension or setting aside of such order are instituted as provided in subdivision (b) of this section, shall become final at the expiration of the thirtieth day thereafter."

Section 21 of the act, subdivision (b), reads in part as follows: "If not in accordance with law, a compensation order may be suspended or set aside, in whole or in part, through injunction proceedings, mandatory or otherwise. * * *"

The order and award of December 16, 1930, was not appealed from nor set aside, and therefore became final after thirty days; that is, January 16, 1931. The award was fully paid. The purported reservation of a continuing jurisdiction is beyond the powers of the deputy commissioner, for the act says that a compensation order becomes "final at the expiration of the thirtieth day" where the compensation order has not been suspended or set aside by injunction. The text of the act shows a congressional intent to have final awards and termination of litigation. To give a different interpretation would require judicial legislation by decision. If a different interpretation were to be followed, a deputy commissioner could reserve jurisdiction by inserting this same provision in each and every case and there would be no known termination of litigation. This is obviously not the intent of the law as written. The deputy commissioner was therefore without power or jurisdiction to reopen the proceeding after it had become

final, or to hold a hearing on August 20, 1931, or to issue another and new and different order and award on August 31, 1931.

The complainants herein are entitled to a decree and injunction annulling the order and award for further compensation issued by said deputy commissioner and dated August 31, 1931, and for an enjoining of the making or enforcement of any order of award requiring the payment of any other or further compensation to said Bert King by complainants.

The motion to dismiss the bill of complaint is denied.