London Guarantee & Accident Co. Lt'd. vs. Narragansett Electric Co. } No. 86948.

April 19, 1932.

BLODGETT, J. Heard upon demurrer to declaration.

The action is an action on the case to recover the sum of $1,000 paid by plaintiff in accordance with a provision of the Workman's Compensation Law of the State of New York.

The declaration alleges that July 20, 1928 one Manuel Garcia, employed as a laborer by the firm of M. Shapiro & Son of New York under a contract to erect Loew's Theatre in Providence, was killed in said Providence while said contractors were engaged in the installation of certain electrical equipment in said building, such equipment being installed by said defendant, through the negligence of said defendant.

The declaration further sets forth sub-sections 8 and 9 of said compensation act, under the provisions of which plaintiff paid the $1,000 which it seeks to recover.

The main grounds of demurrer are contained in sections 3 and 4.

In the brief of the defendant the grounds are summarized as follows:

1. Was the plaintiff under a legal duty to make the alleged payment of $1,000?

2. Will the Rhode Island Courts refuse to enforce such a claim against the defendant because of its penal nature?

3. Are the facts with respect to the conduct of Garcia and of the defendant set forth with sufficient particularity?

Whether the plaintiff was under a legal duty to make the payment in question depends upon whether the New York Act is applicable as to an employee doing work in Rhode Island, the employer being a resident and doing business in New York.

While the decisions of the New York Courts are somewhat contradictory upon this question, the greater weight of authority seems to be that an employer is liable under said act to an employee engaged in work under a contract to be performed outside the State.

*Matter of Post* v. *Burger & Gohlke et al.*, 216 N. Y. 544;

*Holmes* v. *Communipaw Steel Co.*, 186 N. Y. (App. Div.) 645.

See also *Grinnell* vs. *Wilkinson*, 39 R. I. 447.

Upon the question whether or not the act provides a penalty, and whether the sections in question are penal in their nature, depends the decision of this Court on the demurrer of defendant upon the grounds that a penal statute of another state will not be enforced by a Rhode Island court.

If the sections of the New York Act are penal in their nature, there seems to be no question that the same cannot be enforced in Rhode Island.

*O'Reilly* v. *N. Y. & N. E. R. R. Co.*, 16 R. I. 388;

*Gardner* v. *N. Y. & N. E. R. R. Co.*, 17 R. I. 790;

*McLay* v. *Slade*, 48 R. I. 357, (cited in brief of defendant).

In the case of *McLay* v. *Slade* (*supra*), the question whether a statute of Massachusetts was penal in its nature is thoroughly discussed.

In *Huntington* v. *Attrill*, 146 U. S. 657, cited in case of *McLay* v. *Slade* (*supra*), at page 361, the Court announced the doctrine that although a statute may have in some aspect a punitive purpose it should not be considered as penal in an international sense unless its purpose is to punish an offence against the public justice of the State and not to afford a private remedy to a person injured by the wrongful act.

In the case of *Staten Island Rapid Transit Railway* v. *Phoenix Indemnity Co.*, 281 U. S. 98, Chief Justice Hughes uses the following language, having reference to sub-sections 8 and 9 of the New York Act:

"The scheme of these provisions was the creation of two special funds in the hands of the state treasurer, the one to be used in paying additional compensation to employees incurring permanent total disability after permanent partial disability, and the other in the vocational education of employees so injured as to need rehabilitation. These special funds were to be maintained by payments by the insurance carrier, as defined in the act, of five hundred dollars for each of the two funds in those cases of injury causing death where there were no persons entitled to compensation under the act, and the payments made out of these special funds for the benefit of employees of the described classes were to be over and above the compensation which the act required to be made by the respective employers of such employees."

The question decided by the Supreme Court was that the said sections were constitutional as affected by the fourteenth amendment to the Constitution of the United States.

In the majority opinion in case of *Phoenix Indemnity Co.* v. *Staten Island R. T. Ry. Co.*, 251 N. Y. 127, the Court uses the following language that would seem to sustain the contention that the said sections were regarded as penal in their nature:

"If the State may lawfully impose a penalty payable to the survivors of the deceased, it may impose an additional penalty, payable to the State itself, to enable it to carry on a State function. * * *"

Similarly, Mr. Chief Justice Hughes, in writing the opinion of the Supreme Court of the United States, said (p. 107):

"The wrong may also be regarded as one against the State itself, in depriving the State of the benefit of the life of one owing it allegiance. For this wrong the State might impose a penalty. This is not contested. And it is well settled that the mode in which penalties shall be enforced, and the disposition of the amounts collected are matters of legislative discretion. * * *"

"The State in this instance could have imposed a penalty on the wrongdoer and turned the amount over to the employer or his insurer for their indemnity. It could accomplish the same purpose without circumlocution."

As the amount to be paid under subsections 8 and 9 of the New York Act fix a certain sum to be paid and seem to be regarded in said State as a penalty, and as the Supreme Court of the United States uses similar language, this Court is of the opinion, under the case of *McLay* v. *Slade*, 48 R. I. 357 (*supra*), the demurrer of defendant should be sustained on the ground that the sections in question are penal in their nature and cannot be enforced in this State.

As to the fifth ground of demurrer, same is overruled.

For plaintiff: Clifford A. Kingsley.

For defendant: Edwards & Angell.