EMPLOYERS LIABILITY ASSUR. COR-
PORATION, Limited, v. MONAHAN,
Deputy Com'r.

No. 686.

District Court, D. Massachusetts.

Dec. 16, 1936.

Warren G. Reed (of Sawyer, Hardy, Stone, & Morrison), of Boston, Mass., for the libelant.

Francis J. W. Ford, U. S. Atty., of Boston, Mass. (John A. Canavan and Robert W. Meserve, Asst. U. S. Attys., both of Boston, Mass., on the brief), for libelee.

SWEENEY, District Judge.

This is a libel in admiralty wherein the libelant seeks to restrain the libelee from enforcing or attempting to enforce an order made by him on October 7, 1936. The libelee is Deputy Commissioner for the First Compensation District of the United States Employees' Compensation Commission, charged with administering the Longshoremen's and Harbor Workers' Compensation Act (33 U.S.C.A. §§ 901–950). He has filed a motion to dismiss the libel on the ground that the order of October 7, 1936, was a valid one, and that the facts stated by the libelant do not justify the relief sought.

Statements of fact herein are intended as findings of fact, and statements of legal conclusions, as rulings of law, under the equity rules.

The libelant is the insurer of the Staples Coal Company. Thomas G. Garcin, an employee, lost his life on February 12, 1934, under circumstances which rendered the employer liable under the Longshoremen's and Harbor Workers' Compensation Act. He left surviving him a widow, Selina Garcin.

On May 19, 1936, the widow filed a claim for death benefits under the act. Objection to the allowance of her claim was made by the employer and the insurance company on the ground that the claim was not filed within a year from the date of death in accordance with section 13 of the Longshoremen's and Harbor Workers' Compensation Act (33 U.S.C.A. § 913).

On October 7, 1936, the deputy commissioner made findings of fact, and a "determination" that the widow was not entitled to recover on her claim "for the reason that said claim was not filed within one year from the date of the death of the said Thomas G. Garcin." He further determined that there was "no person entitled to compensation under the Longshoremen's and Harbor Workers' Compensation Act for the death of Thomas G. Garcin," and made an order directing the insurance company to pay $1,000 to the United States under section 44 (c) (1) of the act, 33 U.S.C.A. § 944 (c) (1).

It is this order of which the libelant complains. It contends that section 44 (c) (1) of the act requires payment to the United States only when the deceased employee leaves no person surviving who is entitled to compensation. It urges that since Garcin was survived by a widow who was within the class of dependents covered by the act, the deputy commissioner was without power to make an order for payment to the Treasurer of the United States. The sole question, therefore, appears to be whether an insurer is liable under section 44 (c) (1) where the deceased left a person entitled to compensation whose rights to recover, however, were barred because the claim was not filed within a year of the date of death as provided in section 13 of the act.

When Congress enacted the act in question, after providing generally for compensation for death or injury, it recognized that there would be instances where the insurer would not be called upon to make payments to dependents, either because there were no surviving dependents, or for other reasons, and provided, in such instances, that the insurance company would be called upon to contribute $1,000 into a special fund which was to be used

to provide benefits to certain other beneficiaries of the act. As determinative of when a contribution to the special fund would be made, Congress adopted the commissioner's determination or finding. If the contention of the libelant here is correct, it would have been very simple for Congress to have provided that payments into the special fund would be made when an employee died leaving no surviving dependents. It did not adopt such a test, but, on the other hand, stated that the payment must be made upon a determination that "there was no person entitled under this chapter to compensation for such death." The words "under this chapter" refer as much to the limitation of time during which a claim might be presented as to any other feature of the act. This widow would have been entitled to compensation had her claim been presented within a year from the date of the death of her husband. Because of her delay in asserting the claim, the commissioner found "that there is no person entitled under this chapter to compensation for such death." A reasonable interpretation of the language of the act would be that Congress intended that under such circumstances payment by the insurer into the special fund would be made. It could hardly be contended that Congress intended that the insurer would benefit by the widow's neglect.

In Staten Island R. T. Railway Co. v. Phoenix Indemnity Co., 281 U.S. 98, 50 S. Ct. 242, 74 L.Ed. 726, Mr. Chief Justice Hughes treated the clause under discussion as synonymous with a right of recovery. The test seems to be not survivorship of dependents, but a right of recovery under the provisions of the act.

The libelant rests its case on the authority of Federal Mutual Liability Insurance Co. v. Locke (C.C.A.) 60 F.(2d) 895, 897, wherein the court held that: "Section 44 (c) (1) [33 U.S.C.A. § 944 (c) (1)], should be interpreted as requiring payment of $1,000 into a special fund only in case there is 'no person entitled * * * to compensation' at the time when dependency is determined—that is, at the time of the injury." While the language used in that case seems to be broad and all-inclusive, the facts presented were greatly different from the facts in the present case. That case involved the death of an employee, under circumstances which rendered a third person liable as covered by section 33 of the act (33 U.S.C.A. § 933). The decision was therefore limited to interpretation of section 44 (c) (1) when taken in connection with section 33 of the act (33 U.S.C.A. § 994 (c) (1), and § 933).

The libelant's prayer for an injunction is denied. The libelee's motion to dismiss is allowed.