**ARROW STEVEDORE CO. et al. v. PILLSBURY, Deputy Compensation Com'r.**

No. 8136.

Circuit Court of Appeals, Ninth Circuit.

Feb. 15, 1937.

John H. Black and James M. Wallace, both of San Francisco, Cal., for appellants.

H. H. McPike, U. S. Atty., and Robert L. McWilliams and S. P. Murman, Asst. U. S. Attys., all of San Francisco, Cal., for appellee Pillsbury.

Before MATHEWS and HANEY, Circuit Judges, and NETERER, District Judge.

NETERER, District Judge.

From a judgment of dismissal of a bill in equity seeking to set aside an order of the deputy commissioner reinstating compensation order and ordering further compensation, and assessing 20 per centum as additional award for nonpayment of various awards made by the deputy commissioner and not paid within ten days, this appeal is prosecuted. The sole question is must the 20 per centum be awarded or assessed within ten days after due unless enjoined by order of the District Court, even though review is pending.

Section 914(f), 33 U.S.C.A. (section 14 Longshoremen's Act) provides: "If any compensation, payable under the terms of an award, is not paid within ten days after it becomes due, there shall be added to such unpaid compensation an amount equal to 20 per centum thereof, which shall be paid at the same time as but in addition to such compensation, unless review of the compensation order making such award is had as provided in section 921 of this chapter [33 U.S.C.A. (section 21 Longshoremen's Act, supra)]." Speedy payment of compensation no doubt inspired the additional 20 per centum if not paid within ten days. The

order for payment becomes effective when filed in the office of the deputy commissioner. Section 921, 33 U.S.C.A.

The suggestion that the 20 per centum is a penalty and must be recovered by plenary action is answered by the Supreme Court in Alaska Packers Association v. Commission, 294 U.S. 532, at page 541, 55 S.Ct. 518, 521, 79 L.Ed. 1044, where Justice Stone for the court said: "the liability under Workmen's Compensation Acts is not a tort. It is imposed as an incident of the employment relationship, as a cost to be borne by the business enterprise, rather than as an attempt to extend redress for the wrongful act of the employer." Note also Chief Justice Hughes' statement in Staten Island R. T. Ry. Co. v. Phoenix Ind. Co., 281 U.S. 98, at page 107, 50 S.Ct. 242, 243, 74 L.Ed. 726: "The wrong may also be regarded as one against the state itself, in depriving the state of the benefit of the life of one owing it allegiance. For this wrong the state might impose a penalty. This is not contested. And it is well settled that the mode in which penalties shall be enforced, and the disposition of the amounts collected are matters of legislative discretion." (See cases in footnote.[1]) This sentiment applies to the United States.

While the employer has thirty days in which to effect an appeal for review, "The * * * award shall not be stayed pending final decision in any such proceeding unless upon application for an interlocutory injunction the court * * * allows the stay of such payments." 33 U.S.C.A. § 921. The employer has only ten days in which to pay an award after the order is filed in the office of the deputy commissioner to escape the 20 per centum additional, unless before the expiration of the ten days he obtains an interlocutory injunction. "Effective" and "becoming due" within the meaning of these sections 914(f) and 921, 33 U.S.C.A., are synonymous. Twine v. Locke (C.C.A.) 68 F.(2d) 712.

This court's conclusion is that by section 914(f), supra, the employer is bound to pay the award unless he obtains an interlocutory injunction within ten days, even though a review of the order may be pend-

ing. This is likewise the expression of the Circuit Court of Appeals of the Second Circuit in Candado Stevedoring Corporation v. Lowe, 85 F.(2d) 119. Compare Pacific Employers Ins. Co. et al. v. Warren H. Pillsbury (C.C.A.) 88 F.(2d) 443, opinion just filed.

Affirmed.

[1] Federal Mut. Liability Ins. Co. v. Locke (D.C.) 56 F.(2d) 1052, reversed on other grounds (C.C.A.) 60 F.(2d) 895; United Fruit Co. v. Pillsbury (D.C.) 55 F.(2d) 369; Harper v. Parker (D.C.) 9 F.Supp. 744; Williams v. Lawson (C.C.A.) 35 F.(2d) 346; Sheehan Co. v. Shuler, 265 U.S. 371, 44 S.Ct. 548, 68 L.Ed. 1061, 35 A.L.R. 1056.