## PACIFIC EMPLOYERS INS. CO. et al. v. PILLSBURY, Deputy Compensation Com'r.
### No. 8226.

Circuit Court of Appeals, Ninth Circuit.
Feb. 15, 1937.

Rehearing Denied March 15, 1937.

Appellants seek reversal of an order of the appellee requiring payment by appellant of $1,000 into a special fund pursuant to sections 8(f, g) and 44 of the Longshoremen's and Harbor Workers' Compensation Act (33 U.S.C.A. §§ 908(f, g), 944).

Appellants are each a California corporation. Appellant, Schirmer Stevedoring Company, is an employer within the provisions of the Longshoremen's and Harbor Workers' Act, supra (33 U.S.C.A. § 901 et seq.), and the Pacific Employers Insurance Company is authorized to provide employee's compensation insurance protecting employers under the Longshoremen's and Harbor Workers' Compensation Act, supra.

On June 24, 1934, an employee of the Stevedoring Company on one of this company's ships while moored in tidewater in the Port of San Francisco, fell through an open hatch in the course of his employment, was fatally injured, and died within a few hours. The appellant insurance company is the insurer of the Stevedoring Company.

On July 7, 1934, appellant Stevedoring Company reported the death to the appellee Deputy Commissioner. Thereafter the appellee, on his own initiative, appointed a time of hearing on August 3d, and served

notice upon the appellants. Appellants appeared at the meeting, but had prior informally in writing denied that deceased was killed during the course of his employment or that he was survived by dependents. The appellee held the case open for one year to await the filing of claims, if any. Thereafter the appellee, on his initiative, called a meeting for May 7, 1935, and served notice to all interested parties to ascertain the amount of funeral expenses and consider the payment of $1,000 to the United States Treasurer (section 908 of Longshoremen's Act, supra). It was shown at the meeting that appellant Insurance Company had paid the funeral expenses. The appellee then stated, no dependents being known, that at the close of the year from the date of death he would for the United States Treasurer demand payment from the appellant of the $1,000. Appellants stated the demand would be resisted for lack of appellee's jurisdiction and also because the applicable provisions of the Longshoremen's Act are unconstitutional.

It was then stipulated that, subject to any defenses appellants may urge and no advices to appellee, of intent to file claims by dependents, the appellee should proceed on his initiative to take steps required for the collection of the $1,000.

Thereafter, on June 25, 1935, appellee made findings that appellants had paid the burial expenses; that no claim had been filed in his office within one year from date of death, or at all, of any one claiming death benefits on account of said death, and ordered appellants to pay to the United States Treasurer $1,000 provided by the act, supra. Appellants within thirty days after the filing of said order, under the provisions of the Longshoremen's Act, supra, began this action. Issues were joined, and on May 25, 1936, order of dismissal entered, the payment order affirmed, all over appellants' noted objections.

Three errors are assigned: (a) Denying motion for mandatory injunction; (b) granting the motion to dismiss; (c) the failure to vacate and set aside the order of the appellee as not in accordance with the law.

W. N. Mullen, of San Francisco, Cal., for appellant.

H. H. McPike, U. S. Atty., and Robert L. McWilliams and S. P. Murman, Asst. U. S. Attys., all of San Francisco, Cal., for appellee.

Before GARRECHT and HANEY, Circuit Judges, and NETERER, District Judge.

NETERER, District Judge (after stating the facts as above).

The Longshoremen's Act, supra, section 908(f, g), provides increased compensation in the event of permanent total disability following partial disability, and, second, for the maintenance of injured employees undergoing vocational rehabilitation. Section 944(c), Longshoremen's Act, supra, provides that each employer shall pay $1,000 as compensation for the death of an employee of such employer resulting from injury, where the Deputy Commissioner determines that there is no person entitled under this act to compensation for such death.

Section 15 of the Workmen's Compensation Law of New York, attacked as unconstitutional, not dissimilar from the issue here in the vital aspects, held by the Supreme Court as not violative of the Fourteenth Amendment or the Fifth Amendment of the Federal Constitution. See Sheehan Company v. Shuler, 265 U.S. 371, 44 S.Ct. 548, 68 L.Ed. 1061, 35 A.L.R. 1056; New York State Rys. v. Shuler, 265 U.S. 379, 44 S.Ct. 551, 68 L.Ed. 1064; Staten Island Rapid Transit Co. v. Phoenix Co., 281 U.S. 98, 50 S.Ct. 242, 74 L.Ed. 726.

In the case of Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 289, 76 L.Ed. 598, Justice Hughes, for the Supreme Court, said: "Liability without fault is not unknown to the maritime law, and, apart from this fact, considerations are applicable to the substantive provisions of this legislation, with respect to the relation of master and servant, similar to those which this Court has found sufficient to sustain workmen's compensation laws of the states against objections under the due process clause of the Fourteenth Amendment. * * * The act itself, where it applies, establishes the measure of the employer's liability, thus leaving open for determination the questions of fact as to the circumstances, nature, extent, and consequences of the injuries sustained by the employee for which compensation is to be made in accordance with the prescribed standards. * * *

"For the purposes stated, we are unable to find any constitutional obstacle to the action of the Congress in availing itself of a method shown by experience to be es-

sential in order to apply its standards to the thousands of cases involved, thus relieving the courts of a most serious burden while preserving their complete authority to insure the proper application of the law." This expression is applicable here.

Compensation is provided for (a) the injured worker and dependents, (b) to a group of workers if there are no dependents, section 908(f, g), act, supra. Compensation means money allowance payable to an employee, or his dependents, as provided in the act, and includes funeral benefits, section 902(12), 33 U.S.C.A., section 2(12) of the act, supra. There is no distinction in the act between the employee and dependents and to the United States Treasurer for a group of dependents in payment or method or manner. The compensation bears the same status. There is no element of penalty attached. The purpose being obvious and authorized, construing the provisions of the act in pari materia, there can be no question of the power or jurisdiction of the appellee to make the required order under general powers extended to him, to direct payment to the dependents and, where there are no dependents, to the United States Treasurer for the employee group designated as beneficiaries by the act. That this required payment is not a penalty see Alaska Packers' Association v. Industrial Accident Commission, 294 U.S. 532, at page 541, 55 S.Ct. 518, 521, 79 L.Ed. 1044, where Justice Stone, for the court, said: " * * * the liability under Workmen's Compensation Act is not for a tort. It is imposed as an incident of the employment relationship as a cost to be borne by the business enterprise, rather than as an attempt to extend redress for the wrongful act of the employer." The contention of appellant that it is a penalty and requires a plenary action by the United States Treasurer has no basis and is contrary to the provisions of the act. Note also the expression of the court in Staten Island Rapid Transit Co. v. Phoenix Co., 281 U.S. 98, at page 107, 50 S.Ct. 242, 243, 74 L.Ed. 726; Chief Justice Hughes says: "The wrong may also be regarded as one against the state itself, in depriving the state of the benefit of the life of one owing it allegiance. For this wrong the state might impose a penalty. This is not contested.

And it is well settled that the mode in which penalties shall be enforced, and the disposition of the amounts collected are matters of legislative discretion." (See footnote.[1] )

Appellants concede that the Congress has the power to declare as a public policy to provide a fund for legislative beneficiaries and require payment to that fund by appellants and like related parties for the death of the "employee * * * where * * * there is no person entitled * * * to compensation." Section 944 (c), supra. But that no procedure is provided to effectuate that power.

The Supreme Court in Crowell v. Benson, 285 U.S. 22, at page 50, 52 S.Ct. 285, 292, 76 L.Ed. 598, said: " 'Congress may reserve to itself the power to decide, may delegate that power to executive officers, or may commit it to judicial tribunals.' Ex parte Bakelite Corporation, 279 U.S. 438, 451, 49 S.Ct. 411, 413, 73 L.Ed. 789."

Under the payment provisions of the act the United States Employees' Commissioner, appellee deputy, is the exclusive agency to administer the act and to order payment to (1) employee or dependents, (2) to the United States Treasurer, if there are no dependents. The appellee finding no dependents and having awarded payment to the United States Treasurer, the applicable provisions for enforcement provided by section 921(c), 33 U.S.C.A., section 21(c) of the act, supra are performed: "If any employer * * * fails to comply with a compensation order * * * any beneficiary * * * or the deputy commissioner * * * may apply for the enforcement of the order to the Federal district court," the Deputy Commissioner being empowered to make the finding and award, and expressly directed to apply for an order of enforcement, without further application from any one.

The principles of equity are not compatible with a multiplicity of interwoven, involved issues and the Deputy Commissioner, having jurisdiction to award compensation, on finding nondependents, must direct payment to the Treasurer of the United States. Jordan v. Roden (C.C.A.) 292 F. 573–580.

---

[1] Federal Mut. Liability Co. v. Locke (D.C.) 56 F.(2d) 1052, reversed on other grounds (C.C.A.) 60 F.(2d) 895: United Fruit Co. v. Pillsbury (D.C.) 55 F.(2d) 369; Harper v. Parker (D.C.) 9 F.Supp. 744; Williams v. Lawson (C.C.A.) 35 F.(2d) 346; Sheehan Co. v. Shuler, 265 U.S. 371, 44 S.Ct. 548, 68 L.Ed. 1061, 35 A.L.R. 1056.

The Lake Washington Shipyards v. Brueggeman (D.C.) 56 F.(2d) 655, was not a statutory procedure of review, but the usual equity suit to annul the determination of a special tribunal which otherwise might deprive claimant of property without due process and with respect to which there was no adequate remedy at law. The defense was nonmaritime employment and application of the State Workmen's Compensation Act, and the court found the enterprise nonmaritime as contended by plaintiff.

Section 921(d), 33 U.S.C.A., section 21 (d) of the act, supra, provides, "proceedings * * * enforcing a compensation order, * * * shall not be instituted otherwise than as provided in this section." Section 918, 33 U.S.C.A., has no application here. The appellee Commissioner, under the general jurisdictional powers and the exclusive procedure provided, is not impotent, for by this section all other proceedings are prohibited and the humane spirit and intent of the Congress which it seems to us manifest was not defeated by this same act.

From the stipulations, the statement from an eyewitness, and the presumption obtaining under the Longshoremen's Act (section 20 [33 U.S.C.A. § 920]), supra, this court will not disturb the findings of the appellee affirmed by the trial court.

Affirmed.