In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by GEORGE S. VAN SCHAICK, as Superintendent of Insurance of the State of New York for an Order to Take Possession of the Property and Liquidate the Business of Lloyds Insurance Company of America, Respondent.

INDUSTRIAL COMMISSIONER OF THE STATE OF NEW YORK, Appellant.

Argued May 23, 1939; decided July 11, 1939.

*John J. Bennett, Jr.*, Attorney-General (*Paul Balsam* and *Joseph A. McLaughlin* of counsel), for appellant.

*Irvin Waldman* and *Alfred C. Bennett* for respondent.

HUBBS, J. An award has been made in three cases against the insurance carrier, Lloyds Insurance Company of America, for the sum of $1,000 in each case. The order, in each case, directed a payment by the carrier of $500 into the special fund and $500 into the vocational rehabilitation fund, as provided in section 15, subdivisions 8 and 9, of the Workmen's Compensation Law (Cons. Laws, ch. 67). Now that the carrier is in liquidation the question has arisen whether claims for these funds have a preference on the ground that they are claims of the State, and are entitled to the preference given to the sovereign. The Appellate Division, by a divided vote, has held that no preference should be allowed.

Section 15, subdivisions 8 and 9, of the Workmen's Compensation Law provides that there shall be a special fund to which the employer or his carrier shall contribute $500 in every case where there is an accidental death, but no one who can claim the compensation; and to another fund, the vocational rehabilitation fund, an additional $500 in such cases; and that the funds shall be in the custody of the Commissioner of Taxation and Finance. The funds are provided for additional compensation to those who become permanently disabled totally after having been permanently partially disabled; and for those who can be fitted for remunerative occupations. These are the funds to which the money would go, and for which a preference is sought.

While the law states what use is to be made of the funds, there is no guaranty that these uses alone will be made of the funds. Certain expenses of the Department of Education are paid out of the funds. By chapter 889 of the Laws of 1936 the State used tax money for an appropriation to the Department of Labor for the prevention of silicosis and other dust diseases. By chapter 888 of the Laws of 1936 it took for a silicosis study $250,000 from the special

fund. It took another $250,000 from the special fund for carrying out a plan of distribution under section 25-a of the Workmen's Compensation Law. It is taking from the special fund money to carry out rehabilitation work. Respondent contends that this does not establish that the funds are the general property of the State because the purposes for which the funds were used are the same or similar to those listed in the statute. The statute shows that the recipients of the funds are not the general public or a special group, but rather the individuals described; yet the State took the funds for general purposes. It did not regard the fund as a trust fund for individuals. There is nothing in the statute indicating that it is a trust fund. There is nothing in the statute to prevent the State from taking the funds for general State purposes. If the amount collected for taxes were insufficient to run the government the State could enact a law taking money from these funds for State purposes other than those named.

Further, it cannot be said that the payments provided for are not payments in furtherance of State or governmental functions. The State has an interest in the welfare of its injured employees. (*Phenix Indemnity Co.* v. *Staten Island R. T. Ry. Co.*, 251 N. Y. 127; affd., 281 U. S. 98.)

It is urged that the case of *Matter of General Indemnity Corp.* (275 N. Y. 616) controls here. That is not so. There neither the State nor any one else was entitled in all events to the bond. The bond could only be enforced when someone else had failed to pay, and then by the Attorney-General in favor of the injured party. The State did not take that money and hold it itself until the time came when it should be used for some particular purpose. The parties who might become entitled to the fund became so entitled before the Attorney-General could sue for it, and thus he was acting merely as a trustee for them. Here the funds will be held by the State until someone becomes entitled to them. In the meantime the law may be changed abolishing this scheme of payment and rehabilitation and the money may then be used by the State for other purposes. The State, it appears, could also appropriate the fund as

its own without accounting to any one. The fund here is quite different from that involved in the *General Indemnity* case (*supra*), and here a preference should be allowed.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, without costs.

CRANE, Ch. J., LEHMAN, LOUGHRAN, FINCH and RIPPEY, JJ., concur; O'BRIEN, J., taking no part.

Ordered accordingly.